# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2023**

E-Filing Number: 2304063128

**00011**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> WEST COAST SERVICING, INC. | **DEFENDANT'S NAME** <br> NORRIS MCLAUGHLIN, P.A. |
| **PLAINTIFF'S ADDRESS** <br> 20151 SW BIRCH STREET SUITE 175 <br> NEWPORT BEACH CA 92660 | **DEFENDANT'S ADDRESS** <br> 515 WEST HAMILTON ST. SUITE 502 <br> ALLENTOWN PA 18101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> RICHARD B. SOMACH |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 515 WEST HAMILTON ST., SUITE 502 <br> ALLENTOWN PA 18101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal <br> ☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less <br> ☒ More than $50,000.00 | ☐ Arbitration <br> ☐ Jury <br> ☒ Non-Jury <br> ☐ Other: | ☐ Mass Tort <br> ☐ Savings Action <br> ☐ Petition | ☐ Commerce <br> ☐ Minor Court Appeal <br> ☐ Statutory Appeals | ☐ Settlement <br> ☐ Minors <br> ☐ W/D/Survival |

**CASE TYPE AND CODE**
4L - MALPRACTICE - LEGAL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

APR 28 2023

**G. IMPERATO**

IS CASE SUBJECT TO COORDINATION ORDER?
YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WEST COAST SERVICING, INC.

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> ROBERT L. SACHS | ADDRESS <br> 2005 MARKET STREET <br> 2300 ONE COMMERCE SQUARE <br> PHILADELPHIA PA 19103 |
|---|---|
| **PHONE NUMBER** (215)568-7771   **FAX NUMBER** (215)568-7495 | |
| **SUPREME COURT IDENTIFICATION NO.** <br> 41355 | **E-MAIL ADDRESS** <br> rsachs@shragerlaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** <br> ROBERT SACHS | **DATE SUBMITTED** <br> Friday, April 28, 2023, 05:59 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SHRAGER & SACHS**
By: Robert L. Sachs, Jr.
Identification Number: 41355
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
Phone: (215) 568-7771
Fax: (215) 568-7495
Email: rsachs@shragerlaw.com



Attorneys for Plaintiff

| | |
|---|---|
| **WEST COAST SERVICING, INC.**<br>20151 SW Birch Street, Suite 175<br>Newport Beach, CA<br>                      Plaintiff<br><br>v.<br><br>**NORRIS MCLAUGHLIN, P.A.**<br>515 West Hamilton St., Suite 502<br>Allentown, PA<br><br>And<br><br>**RICHARD B. SOMACH**<br>c/o Norris McLaughlin, P.A.<br>515 West Hamilton St., Suite 502<br>Allentown, PA<br>                      Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>_____ TERM, 2023<br>No. _____ |

*Filed and Attested by the Office of Judicial Records 28 APR 2023 05:39 pm*

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney by filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW (TO FIND OUT WHERE YOU CAN GET LEGAL HELP). THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
1101 Market Street, 11th Floor, Philadelphia, PA 19107
(215) 238-6300**

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las pginas siguientes, usted tiene veinte (20) dis de plazo al partir dela fecha de la demanda y la notificacin. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomar medidas y puede continuar la demanda en contra suya sin previo aviso o notificacin. Adems, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELFONO A LA OFICINA CUYA DIRECCIN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, 11th Floor
Filadelfia, Penna. 19107
Telfono: (215) 238-6300**

Case ID: 230500011

**SHRAGER & SACHS**
By: Robert L. Sachs, Jr.
Identification Number: 41355
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
Phone: (215) 568-7771
Fax: (215) 568-7495
Email: rsachs@shragerlaw.com

Attorneys for Plaintiff

| | |
|---|---|
| **WEST COAST SERVICING, INC.**<br>20151 SW Birch Street, Suite 175<br>Newport Beach, CA<br>      Plaintiff<br><br>v.<br><br>**NORRIS MCLAUGHLIN, P.A.**<br>515 West Hamilton St., Suite 502<br>Allentown, PA<br><br>  And<br><br>**RICHARD B. SOMACH**<br>c/o Norris McLaughlin, P.A.<br>515 West Hamilton St., Suite 502<br>Allentown, PA<br>      Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>_____ TERM, 2023<br>No. _____ |

## CIVIL ACTION – COMPLAINT

### PARTIES:

1. Plaintiff, West Coast Servicing, Inc., ("WCS" or "Plaintiff") is a business corporation incorporated in and a citizen of the State of California with a principal place of business located at 20151 SW Birch Street, Suite 175, Newport Beach, California.

2. Defendant, Norris McLaughlin, P.A. ("NM"), is a New Jersey Professional Association, registered to do business in the Commonwealth of Pennsylvania, with a

registered office in Pennsylvania located at 515 West Hamilton St., Suite 502, Allentown, County of Lehigh.

3. It is believed and averred that at all times relevant, NM conducted business in the City and County of Philadelphia and held itself out on its website as a "…full-service legal counsel to businesses, families, and individuals throughout New Jersey, New York, Pennsylvania, and beyond."

4. Defendant, Richard B. Somach ("Somach," and collectively with NM, the "Defendants"), is believed to be an attorney admitted to practice in the Commonwealth of Pennsylvania, with a business address at 515 West Hamilton St., Suite 502, Allentown, County of Lehigh.

5. It is believed and averred that at all times relevant, Somach conducted business in the City and County of Philadelphia and was a shareholder and/or partner in NM. It is further believed and averred that as a shareholder and/or partner in NM, Somach earned legal fees and participated in profits earned in or from legal services rendered by him and/or NM in the City and County of Philadelphia or from legal services rendered by him and/or NM to clients located in the City and County of Philadelphia.

## FACTUAL BACKGROUND:

6. On or about February 3, 2016, WCS hired Defendants as its attorneys and legal representatives. The Defendants committed professional malpractice and willfully breached their fiduciary duties owed to WCS, all as set forth herein. Ultimately, the negligence and breach of fiduciary duties were the factual cause of damages suffered by WCS including, without limitation, payment of significant legal fees, costs and expenses

Case ID: 230500011

and a monetary settlement, all factually caused by the Defendants' professional negligence and breaches of their fiduciary duties. Without admitting liability, the Defendants also contributed to that settlement.

WCS seeks to recover damages factually caused by the Defendants' professional negligence and willful breaches of their fiduciary duties in their representation of WCS concerning a 2014 *in rem* judgment and a Sheriff's sale of Rafeeq Ahmed's property, located at 2625 Horsham Road, Upper Moreland, Pennsylvania 19040 (the "Property").

7.  Mr. Ahmed purchased the Property in August 2002. To purchase the Property, Mr. Ahmed re-financed his existing mortgage with Fleet National Bank in the principal amount of $135,000.00 (the "Mortgage"). Mr. Ahmed secured his new loan through a promissory note and a mortgage given to Fleet National Bank with a 30-year term beginning on October 1, 2003. After the origination, the servicing rights to the Mortgage were acquired by PHH Mortgage Corporation ("PHH"). In 2009, Mr. Ahmed moved to Texas. On or about March 30, 2010, Mr. Ahmed filed for Chapter 13 Bankruptcy Petition in the Eastern District of Texas

8.  Between February 2010 and June 2010, Mr. Ahmed failed to make his mortgage payments to PHH on the Property. On June 16, 2010, PHH sent Mr. Ahmed a "Notice of Intention" to Foreclose with a total of $7,592.10 of missing payments. In 2012, PHH filed a foreclosure action on the Property in the Montgomery County Court of Common Pleas. On September 8, 2014, the Montgomery Court of Common Pleas entered an *in-rem* judgment in favor of PHH in the amount of $177,350.36 (the "2014 Judgment"). Mr. Ahmed appealed the 2014 Judgment, but that appeal was dismissed because Mr. Ahmed failed to file a brief. After the appeal, Mr. Ahmed took no further legal action on the 2014 Judgment.

9.      On or about July 28, 2015, Mr. Ahmed filed a second Chapter 13 Bankruptcy Petition in the Northern District of Texas. On or about February 3, 2016, while Mr. Ahmed's bankruptcy was still pending, WCS acquired the servicing of the Mortgage. During the pendency of this Chapter 13 Bankruptcy, Mr. Ahmed failed to make all the required payments to the Chapter 13 Trustee. In addition, Mr. Ahmed only made eight post-petition payments to WCS.

10.     On or around February 3, 2016, WCS retained the Defendants for the purposes of executing on the 2014 Judgment and scheduling the Sheriff's sale pursuant to the 2014 Judgment. When WCS retained the Defendants in or about January 2016, WCS did not know that the 2014 Judgment had been entered but was not a final judgment, nor did the Defendants disclose the importance of this fact. Given the time that had passed since the 2014 Judgment had been entered, the Defendants could have filed a motion to reassess damages on behalf of WCS, but failed to do so. This caused WCS to suffer a large loss when Ahmed litigated against WCS.

11.     In hiring the Defendants as its counsel and legal advisors, WCS relied upon the Defendants' stated knowledge and proffered expertise in foreclosure law to counsel and advise WCS and to protect it from future litigation with Ahmed. However, the Defendants failed to conduct the necessary due diligence, including reviewing all of Mr. Ahmed's filings and the documentation from his 2015 bankruptcy, and failed to file a motion to reassess the damages. Because of this failure, the 2014 Judgment for $177,360.36 was entered as final on January 31, 2014. This cut off any further recourse WCS had from seeking its actual damages, which was significantly higher.

12.     On September 18, 2019, the Defendants, on behalf of WCS, obtained a "Writ of Execution" for the sale of the Property in the amount of $177,360.36 together with interest in the amount of $35,259.70 for a total of $212,720.06. Prior to obtaining this Writ of Execution, the Defendants received a payoff statement for the Property from WCS. The payoff statement dated January 27, 2020 was for $282,497.43. WCS trusted

that the Defendants, as foreclosure counsel, would review the payoff statement for accuracy, calculate post-judgment interest, and confirm the amount to be sought in the Writ of Execution. However, the Defendants failed to review the payoff statement that WCS provided to them to confirm its accuracy and failed to raise any questions between the payoff statement and the amount sought in the praecipe for the Writ of Execution. The Defendants also improperly calculated the post-judgment interest to be included in the praecipe for the Writ of Execution and failed to confirm the amount to be sought within the praecipe.

13. The Sheriff's sale of the Property took place on January 29, 2020. At the sale, the Defendants announced an "upset" price of $295,262.90, which was in excess of the $177,360.36 amount in the 2014 Judgment. WCS was the highest bidder at the sale and purchased the Property.

14. On February 11, 2020 Mr. Ahmed filed a petition to set aside the sale with the Montgomery Court of Common Pleas, arguing *inter alia* that the foreclosure judgment upon which the Defendants based the Sheriff's sale did not account for payments Mr. Ahmed said he made to WCS. Mr. Ahmed further argued that 2014 Judgment that had been entered as a final judgment for $177,360.36 plus interest was the operative judgment for which the Sheriff's sale should have been based. The Defendants never responded to Mr. Ahmed's petition on behalf of WCS. Instead, the Defendants advised WCS that there was no need to take action on Mr. Ahmed's petition or any reason to unwind the foreclosure sale. As a result, WCS moved forward with the sale of the Property to a third-party even though Mr. Ahmed's petition was still pending. On July 22, 2020, WCS sold the Property to a third-party for $280,280.

15. On April 30, 2020, Mr. Ahmed filed a Complaint in the Northern District of Texas against WCS. The Complaint alleged violations of the "Truth in Lending Act, Regulation Z," and the "Real Estate Settlement Procedures Act." The Complaint also alleged "breach of contract" and "unjust enrichment." Mr. Ahmed voluntarily dismissed

that Complaint and subsequently filed suit against WCS and NM in the Eastern District of Pennsylvania on October 29, 2020. In that suit, Mr. Ahmed alleged violations of the "Fair Debt Collection Practices Act" and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-9.2. Pursuant to this Pennsylvania statute, Mr. Ahmed was eligible for treble damages and his attorney's fees.

16.  The parties settled the lawsuit on June 3, 2021. Pursuant to the terms of the settlement agreement, WCS agreed to pay Mr. Ahmed $77,500, and NM agreed to pay Mr. Ahmed $32,500. To litigate and defend itself in this matter, WCS was forced to retain three law firms and expended over $215,000 in legal fees.

17.  The Plaintiff sues unnamed doe defendants 1-10, as persons and/or entities whose capacities are unknown to the Plaintiff at this time and whose identity is not known or capable of being known by WCS without discovery. Plaintiff is unaware of the true names, capacities or bases for liability of does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. On information and belief, and on that basis the Plaintiff hereby alleges thereon, that the doe defendants were the agents, servants, and/or employees of the named Defendants, and acted within the scope of that agency, master/servant relationship and/or employment. Plaintiff is informed and believes, and on that basis alleges that Defendants does 1-10, inclusive, and each of them, are in some manner liable to Plaintiff's and legally responsible for Plaintiff's injuries and damages or claim some right, title or interest in the personal property which is the subject of this action. Plaintiff will amend this complaint to allege the true names, capacities, and bases for liability of these fictitiously named defendants when this information is ascertained.

18.  Plaintiff believes and thereon alleges that at all times relevant herein, each defendant, including those fictitiously named, were acting as the duly authorized agent, servant, employee, partner, joint venture, or co-conspirator of the other defendants, or as a separate and distinct legal entity apart from and separate from NM, such that they have separate and distinct liability, and will be so joined. In doing the things herein alleged,

each defendant was acting within the course and scope of such agency, employment, partnership, venture or conspiracy and with the authorization, knowledge, consent and ratification of each of the other defendants. Therefore, each defendant, including those fictitiously named, is jointly and severally liable for all of Plaintiff's injuries and damages as set forth herein.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

**(Against Norris McLaughlin, P.A., Richard B. Somach, and Does 1-10, inclusive)**

19. The Plaintiff re-alleges and incorporates paragraphs 1 through 18 inclusive, as if fully incorporated herein.

20. The Defendants committed professional malpractice and negligence in its legal representation of WCS, including, but not limited to, the following:

   a. The Defendants failed to conduct the necessary due diligence, including reviewing documentation from Mr. Ahmed's bankruptcy, and failed to file a motion to reassess damages.

   b. The Defendants' failure to file a motion to reassess damages locked in the 2014 Judgment amount and cut off future arguments WCS had that the amount sought in the 2014 Judgment was improper.

   c. The Defendants failed to review the payoff statement provided by WCS to confirm its accuracy.

   d. The Defendants failed to raise any questions regarding the very large discrepancy between the payoff statement provided by WCS and the amount sought by way of the praecipe for writ of execution.

e. The Defendants failed to properly calculate the post-judgment interest and to confirm the amount to be sought in the praecipe for writ of execution.

f. The Defendants failed to confirm the amount to be sought by way of the praecipe for writ of execution with WCS.

g. The Defendants failed to take action to respond to Mr. Ahmed's petition filed in February 2020 to set aside the Sheriff's sale or have it stricken, thereby losing WCS's opportunity to argue the issues raised in Mr. Ahmed's petition, and forcing WCS to litigate a case against Mr. Ahmed in the Eastern District of Pennsylvania.

h. The Defendants failed to inform WCS that they should unwind the Sheriff's sale that took place in January 2020.

i. The Defendants failed to properly advise WCS about selling the Property to a third-party with respect to claims that Mr. Ahmed could bring.

21. As a result of the Defendants' foregoing professional malpractice and negligence, WCS incurred and paid at least $293,290.44 in damages, and continues to suffer continuing damages:

a. Costs and expenses related to WCS's retainer of the Defendants in February 2016 to counsel and advise WCS through the Sheriff's sale and to execute upon the 2014 Judgment in the amount of $14,897.02.

b. Costs and expenses related to WCS's retainer of Stradley Ronon to replace the Defendants as counsel, and to litigate against Mr. Ahmed when he filed against WCS in the Eastern District of Pennsylvania, in the amount of $70,834.50.

c. Costs related to WCS's retainer of Patrick J. D'Arcy, APLC to address these matters in the amount of $7,280.00.

    d. Costs related to WCS's retainer of McGlinchey Stafford to defend WCS in the amount of $122,778.92.

    e. Settlement paid to Mr. Ahmed in the amount of $77,500.

    f. Costs and expenses to bring this action.

**WHEREFORE**, Plaintiff demands judgment in its favor, together with costs, fees, and any further relief deemed appropriate by this Honorable Court.

## SECOND CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTIES

**(Against Norris McLaughlin, P.A., Richard B. Somach, and Does 1-10, inclusive)**

22.    The Plaintiff re-alleges and incorporates paragraphs 1 to 17, inclusive, as if set forth herein in full.

23.    The Defendants willfully breached their fiduciary duties to WCS, including, but not limited to, the following:

    a. The Defendants had a fiduciary duty to WCS to explain that the Defendants' errors, omissions and other mistakes were the basis for WCS' exposure in the Ahmed litigation, as WCS' legal advisor and representative. WCS later came to learn that the Defendants were responsible for the harm suffered by WCS, and that the Defendants did not ethically disclose to WCS that the Defendants had committed malpractice. Instead, the Defendants covered up and concealed its malpractice, and continued acting as WCS' legal advisor and representative until WCS confronted the Defendants about concerns about the Defendants' representation. This breached the Defendants' fiduciary duties to WCS, including duties of loyalty and candor, as WCS' legal advisor.

    b. The Defendants failed to admit, and then intentionally concealed, their own negligence from WCS, despite being WCS's legal advisor and fiduciary. WCS only uncovered the Defendants' negligence as issues came to light in Ahmed's

lawsuit, and in further questioning of the Defendants by WCS's own counsel. WCS's inability to know the Defendants' malfeasance and professional negligence was due to the Defendants deliberate non-disclosure, the necessary expertise that the Defendants' touted they had, which is beyond the role of a loan servicer, and the Defendants ability to control the information as WCS' fiduciary and legal representative from a distant locale. Despite the litigation and settlement that WCS was forced to participate in, the Defendants continue to deny any wrongdoing against WCS.

c. The Defendants failed to disclose that they had a conflict of interest in continuing to represent WCS when the Defendants knew that the litigation by Ahmed put the Defendants adverse to WCS, and was due to the Defendants' own malpractice. Instead, the Defendants drafted discovery responses placing WCS as being responsible for the Defendants actions, omissions, justifications, advice and non-disclosure to WCS. This conflict of interest was not just theoretical, it was real. WCS and the Defendants both participated in a settlement with Ahmed, to avoid further harm, including a trial. WCS was forced to retain different counsel to defend itself. When it became apparent that the Defendants would not stand behind its legal representation, and where WCS now could no longer trust the Defendants to be truthful, as well as to protect WCS's interests as WCS' fiduciary, WCS engaged outside counsel and stopped the Defendants from acting as its legal representative. The Defendants' efforts in concealing a conflict of interest from WCS is a breach of their fiduciary duties to WCS.

d. The Defendants had a duty to mitigate WCS' damages, rather than deny all allegations and then force WCS to litigate against Ahmed to protect itself.

24. As a result of the foregoing, WCS incurred and paid at least $293,290.44 in damages and continues to suffer continuing damages:

a. Costs and expenses related to WCS' retainer of the Defendants in February 2016 to counsel and advise WCS through the Sheriff's sale and to execute upon the 2014 Judgment in the amount of $14,897.02.

b. Costs and expense related to WCS's retainer of Stradley Ronon to replace the Defendants, and litigate the matter Mr. Ahmed filed against WCS in the Eastern District of Pennsylvania in the amount of $70,834.50.

c. Costs related to WCS's retainer of Patrick J. D'Arcy, APLC to address these matters in the amount of $7,280.00.

d. Costs related to WCS's retainer of McGlinchey Stafford to defend WCS in the amount of $122,778.92.

e. Settlement paid to Mr. Ahmed in the amount of $77,500.

f. Costs and expenses to bring this action.

25. The Defendants' actions of concealment were willful and malicious, especially where the Defendants stand in fiduciary relations with WCS as WCS' counsel and legal representative. Therefore, WCS seeks punitive damages against the Defendants in amount established by this Court to punish the Defendants and to deter such conduct in the future.

**WHEREFORE**, Plaintiff demands judgment in its favor, together with costs, fees, and any further relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**SHRAGER & SACHS**

By: *[signature]*

Robert L. Sachs, Jr.
Attorney for Plaintiff, West Coast Servicing, Inc.

Dated: _____April 28_____, 2023

Case ID: 230500011

## VERIFICATION OF RICHARD BUSTAMANTE

I, Richard Bustamante, am duly authorized on behalf of West Coast Servicing, Inc., Plaintiff in this action, and hereby verify that the factual statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information, and belief. The language is that of counsel and to the extent the Civil Action Complaint includes legal allegations, I have relied on the advice of counsel for such language.

I understand that the statements in this Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATE: April 27, 2023

Richard Bustamante